UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

GILMA DALILA LLANES MENDIETA,

    Debtor.

Case No. 21-11518-BFK
Chapter 13

## MEMORANDUM OPINION AND ORDER IMPOSING SANCTIONS AND REFERRAL TO VIRGINIA STATE BAR

This matter came before the Court on October 9, 2025, on the Court's Order for Debtor's Counsel to Appear and Show Cause. Docket No. 113. Debtor's counsel, Ali Alavi, was present, as was Thomas P. Gorman, the Chapter 13 Trustee. For the reasons stated below, the Court finds that sanctions are in order.

### FINDINGS OF FACT

*A. This Bankruptcy Case.*

1. On September 1, 2021, the Debtor, Gilma Dlalila Llanes Medieta, filed a Voluntary Petition under Chapter 7 with this Court. Docket No. 1.

2. She was represented by Ali Alavi, of Alavi Law, PLLC, who is a member of the Virginia State Bar. *Id*.

3. In his Disclosure of Compensation under Bankruptcy Rule 2016(b), Mr. Alavi stated that he received $1,500.00 as compensation for the case. Docket No. 17, p. 33. This written representation was inaccurate, because it did not disclose that he received the filing fee of $338, which Ms. Mendieta paid to Mr. Alavi's firm.

  4. Ms. Mendieta filed a Motion to Convert the case to Chapter 13, which the Court granted. Docket Nos. 32, 48.

  5. Mr. Alavi charged Ms. Mendieta an additional $1,800.00 to proceed in Chapter 13. He did not file an Amended or Supplemental Rule 2016(b) Statement with the Court disclosing the additional compensation.

  6. On May 29, 2025, Cavalcade Homeowners Association, Inc., filed a Motion to Allow the Late Filing of a Proof of Claim. Docket No. 97. Cavalcade noticed this Motion for July 10, 2025. *Id.*

  7. The hearing was continued to September 11, 2025. Docket No. 104.

  8. Mr. Alavi did not file a Motion to Continue the September 11, 2025, hearing.

  9. On September 11, 2025, Ms. Mendieta appeared at the hearing, but Mr. Alavi did not. The Court continued the matter to October 9, 2025, and issued the Order to Show Cause described below.[1]

  B. *The Immigration Court Proceeding.*

  10. Mr. Alavi also represented an individual (not Ms. Mendieta) in an immigration proceeding before the Department of Justice's Immigration Court.

  11. On **June 7, 2024,** the Immigration Court sent a Notice of In-Person Hearing to Mr. Alavi, setting a hearing for September 11, 2025. Alavi Ex. A.

  12. Mr. Alavi elected to appear at the immigration hearing and not at the hearing in this Court.

  C. *Mr. Alavi's Previous Suspension.*

---

[1] Cavalcade's Motion ultimately was granted pursuant to Bankruptcy Rule 3002(c)(7).

13. On December 12, 2023, the Court entered an Order Imposing Sanctions, suspending Mr. Alavi for sixty (60) days for his failure to appear on behalf of a client. Case No. 23-11463-BFK.

14. The Court noted in its Order to Show Cause in that case that Mr. Alavi failed to appear for two court hearings on October 5, 2023, and October 19, 2023, and failed to appear for his client at the meeting of creditors on October 10, 2023. *Id.*, Docket No. 26.

*D. The Show Cause Order in this Case.*

15. On September 16, 2025, the Court issued an Order for Mr. Alavi to Appear and Show Cause why he should not be sanctioned. Docket No. 113.

16. The Order to Show Cause ordered Mr. Alavi to file a Response on or before October 2, 2025. *Id.*, ¶ 2.

17. Mr. Alavi did not file a Response, as ordered. He advised the Court on October 9th that the Order to Show Cause went to his spam folder, and he did not see it until the day before the hearing.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate). Additionally, the Court has inherent powers to supervise the conduct of attorneys who appear before the Court. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–46 (1991).

This Court's Local Rule 2090-1(I) provides that the ethical standards for practice before the Court shall be the Virginia Rules of Professional Conduct. The Virginia Rules of Professional Conduct require: (a) competence (Rule 1.1); (b) diligence (Rule 1.3(a)); and (c) candor to the

tribunal (Rule 3.3). The Court finds that Mr. Alavi violated all three duties to his client and to the Court.

    A. *The Failure to Disclose Supplemental Fees.*

Mr. Alavi's initial Rule 2016(b) Statement was inaccurate because he did not include the filing fee that Ms. Mendieta paid to his firm. More importantly, he did not file an Amended or Supplemental Rule 206(b) Statement when the case was converted to Chapter 13, and he received an additional $1,800.00 from Ms. Mendieta. Disclosure is plainly required by Bankruptcy Rule 2016(b)(2) ("Within 14 days after any payment or agreement to pay not previously disclosed, the attorney must file and send to the United States Trustee a supplemental statement"). The Court views this as materially misleading. *See In re Downs*, 103 F.3d 472 (6th Cir. 1996) ("Section 329 and Rule 2016 are fundamentally rooted in the fiduciary relationship between attorneys and the courts. Thus, the fulfillment of the duties imposed under these provisions are crucial to the administration and disposition of proceedings before the bankruptcy courts"); *In re Smith*, 331 B.R. 622, n.10 (Bankr. W.D. Pa. 2005) ("When a case is converted, counsel should file a new Rule 2016(b) Statement"); *In re Berg*, 356 B.R. 378 (Bankr. E.D. Pa. 2006) ("[T]he duty of disclosure is a continuing one. If a debtor's attorney subsequently receives funds, he must supplement the prior disclosure"); *In re Whaley*, 282 B.R. 38 (Bankr. M.D. Fla. 2002) ("the duty to disclose extends not only to the initial payments received by the debtor's attorney but also to all undisclosed payments made to the attorney at anytime, either before or after the case is filed").

    B. *The Failure to File a Moton to Continue.*

The Notice of In-Person hearing from the Immigration Court was issued on June 7, 2024, over a year before the first hearing on Cavalcade's Motion on July 10, 2025. Cavalcade's Motion was continued to September 11, 2025, yet in the two months between, Mr. Alavi did not file a

Motion to Continue the September 11, 2025, hearing. Rather, he sent his client to court, unrepresented, to request a continuance (which the Court granted).

 C. *The Failure to File a Response to the Court's Show Cause Order.*

Mr. Alavi violated the Court's Order to file a Response to the Show Cause Order by October 2, 2025. His excuse, that the Order to Show Cause went to his spam filter, is completely unacceptable. Attorneys who practice under an electronic filing regime have a duty to put safeguards in place so that they can receive and review the Court's Notices and Orders in a timely manner.

 D. *The Prior Suspension.*

This is not Mr. Alavi's first suspension from practice before the Court. He was suspended previously for sixty (60) days for his failure to appear in court on behalf of his client. Case No. 23-11463-BFK, Docket No. 37.

 E. *Disgorgement of Fees is Appropriate.*

Finally, the Court finds it appropriate to order a refund of the fees that Ms. Mendieta paid to Mr. Alavi, totaling $3,600.00. Ms. Mendieta trusted Mr. Alavi to represent her interests in this Court. Mr. Alavi failed in that most basic duty. He sent Ms. Mendieta to court on September 11, 2025 unrepresented (the Court notes that she has limited English skills) to request a continuance. Further, he did not bother to file a Motion to Continue the hearing, knowing that he had a scheduling conflict on September 11, 2025.

Mr. Alavi's conduct fell far below the standards expected of attorneys in this Court.

## CONCLUSION

It is therefore **ORDERED**:

1. Effective immediately, Mr. Alavi is suspended from the practice of law before this Court, and his CM-ECF privileges are revoked, for a period of <u>one year</u> from the entry of this Order.

2. Mr. Alavi shall refund $3,600.00 to Ms. Mendieta by **October 20, 2025**, and shall certify to the Court that he has done so by **October 24, 2025**.

3. The Court refers this matter to the Virginia State Bar for such action as it may take in its discretion.

4. The Clerk will mail copies of this Memorandum Opinion and Order, or will provide CM-ECF notice of the same, to the parties below.

Date: Oct 15 2025

/s/ Brian F Kenney

HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Alexandria, Virginia

Entered On Docket: Oct 15 2025

<u>Copies to</u>:

Ali Alavi
Alavi Law, PLLC
1604 Spring Hill Road, Suite 120
Vienna, VA 22182
*Counsel for Chapter 13 Debtor*

Thomas P. Gorman
1414 Prince St.
Suite 202
Alexandria, VA 22314
*Chapter 13 Trustee*

Matthew W. Cheney
1725 Duke Street
Suite 650
Alexandria, VA 22314
*U.S. Trustee*

Gilma Dalila Llanes Mendieta
4555 Metro Ct.
Annandale, VA 22003
*Chapter 13 Debtor*

Virginia State Bar Intake Office
1111 East Main Street,
Suite 700
Richmond, VA 23219-0026

6